UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KRISTIE NAULT,**

    Plaintiff,

v.                                             Case No: 5:21-cv-104-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

_____

### REPORT AND RECOMMENDATION[1]

This matter is before the undersigned upon referral of Defendant's unopposed motion for entry of judgment with remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action. (Doc. 24). Defendant states that Plaintiff has no objection to the Motion to Remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon due consideration, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is respectfully **recommended** that:

(1) Defendant's unopposed motion for entry of judgment with remand (Doc. 24) be GRANTED; and

(2) This action be REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> For the Administrative Law Judge (ALJ) to: (1) obtain supplemental testimony from a vocational expert (VE) to clarify the effect of the assessed limitations on Plaintiff's occupational base; (2) ask the VE to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy; (3) identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (SCO); (4) take any further action needed to complete the administrative record; and (5) issue a new decision.

Recommended in Ocala, Florida on January 19, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy