UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KRISTIE NAULT,**

    **Plaintiff,**

**v.**                                              **Case No: 5:21-cv-104-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter previously came before the Court upon referral of Defendant's unopposed motion for entry of judgment with remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action. (Doc. 24). On January 20, 2022, I recommended that the motion be granted. (Doc. 25). In the interim and upon consent of the parties, this case was referred to me to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721

F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon due consideration, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ordered** that:

(1) The Court's Report and Recommendation (Doc. 25) is RESCINDED.

(2) Defendant's unopposed motion for entry of judgment with remand (Doc. 24) is GRANTED;

(3) This action is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> For the Administrative Law Judge (ALJ) to: (1) obtain supplemental testimony from a vocational expert (VE) to clarify the effect of the assessed limitations on Plaintiff's occupational base; (2) ask the VE to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy; (3) identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (SCO); (4) take any further action needed to complete the administrative record; and (5) issue a new decision.

(4) The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on January 26, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties